MEMORANDUM
ADKINS, J.
It seems to me that the evidence requires a finding that defendant Burdick desired to employ a 'Washington lawyer who was a member of the Bar of this Court and who could qualify under the rules of this Court as attorney of record and appear in these cases as a matter of right; that plaintiff Cochran was not a member of the Bar of this Court and had a real doubt in his own mind as to his right to appear in this Court as counsel in cases under the War Minerals Relief Act, and that under the circumstances known to plaintiff a reasonable man would not have believed that plaintiff had a right to appear as counsel of record *126 in this Court in such cases; that Cochran told Dunn that while he was not a member of the Bar of this Court he, Cochran, was eligible to appear in this Court as counsel of record, and that Dunn assumed that he could take Cochran’s statement as correct; that being anxious to help Cochran, Dunn did all he could to secure Cochran’s employment by Burdick in the latter’s cases; that Dunn wrote Burdick that Cochran was acting as attorney in Dunn’s cases (Deft. Burdick’s Ex. 2), and that, while Cochran was exceedingly busy, he was prepared to act at attorney of record for Burdick (Dunn to Burdick January 4, 1929 (1930); that at the first interview in January, 1930, Burdick was given to understand by Cochran and Dunn that Cochran was legally qualified to appear as counsel of record in these cases; that this was done either by direct representations or by failure to disclose the real facts and was purposely done in such a manner as to justify a reasonable man in believing that he was being informed that Cochran was a member of the Bar of this Court and entitled as a matter of right to appear as counsel of record in cases brought under the War Minerals Relief Act; that this point was a material one to Burdick; that he believed from the statements made by both Dunn and Cochran that Cochran was a member of the Bar of this Court and had the legal right to appear as attorney of record in this Court; that Burdick relied upon that belief and would not have employed Cochran had he been told the true facts.
It seems to me as a matter of law that under these facts Burdick was entitled to cancel his contract if he did so promptly upon learning the true facts. It is undisputed that the letter of October 31, 1930, cancelling the contract was written within a few days after Burdick learned of the facts.
It follows that plaintiff is not entitled to a decree against defendant Burdick.
*127 Dunn accepted the cancellation and so notified defendant.
In my opinion the subsequent re-employment of Dunn by Burdick was a new contract and was not an attempt to evade the obligation of Dunn to plaintiff under the original contract. Therefore the ease should be dismissed also as to Dunn.
"When the defendant Dougherty agreed with plaintiff to act as attorney of record he was justified in believing that plaintiff was authorized to employ him. He withdrew promptly when Burdick repudiated the employment and never claimed or received any fee in the cases. Plaintiff could have ascertained the latter fact by slight inquiry. It was not necessary to make Mr. Dougherty a defendant. The suit will be dismissed as to him.
This memorandum will be taken as findings of fact. If counsel oh either side believe the findings should be more elaborate they will please prepare draft of the findings desired.